James B. Kobak, Jr.
Ned H. Bassen
Meaghan C. Gragg
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Tel: 212-837-6000
Fax: 212-422-4726
kobak@hugheshubbard.com
bassen@hugheshubbard.com
gragg@hugheshubbard.com

Ethan A. Brecher
LAW OFFICE OF ETHAN A. BRECHER, LLC
600 Third Avenue, 2nd Floor
New York, NY 10016
Tel: 646-571-2440
Fax: 888-821-0246
ethan@ethanbrecherlaw.com

*Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.*

*Attorney for Mary A. Ortegon*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

In re:

LEHMAN BROTHERS HOLDINGS INC.

-----------------------------------------------------------

Mary A. Ortegon,

                                        Appellant,

            - against -

JAMES W. GIDDENS, as Trustee for the SIPA
Liquidation of Lehman Brothers Inc.,

                                        Appellee.

-----------------------------------------------------------

Case No. 14-cv-08680 (VEC)

### JOINT APPENDIX OF PUBLIC DOCUMENTS RELATING TO LITIGATION OF MARY A. ORTEGON'S CLAIM AGAINST LEHMAN BROTHERS INC.

            Mary A. Ortegon ("Ms. Ortegon") and James W. Giddens, Trustee (the "Trustee")

for the liquidation of the estate of Lehman Brothers Inc. ("LBI") have agreed to provide the

public documents listed below in this joint appendix filed herewith, without agreeing that any

such documents are relevant or material, for ease of reference in the parties' pleadings:

| Public Document ("PD") | Description | Page Range |
|---|---|---|
| PD1 | Adversary case 08-01420. Complaint against Lehman Brothers Inc. Order signed on 9/19/2008 by United States District Court Judge, Gerard E. Lynch. Nature(s) of Suit: (SS (SIPA Case – 15 U.S.C. 78aaa et seq.)) Filed by Hughes Hubbard & Reed, LLP on behalf of Securities Investors Protection Corporation. (Attachments: #1 Exhibit Cover Sheet) (Ebanks, Liza) (Entered: 09/19/2008) [Dkt. # 1] | JA-1 – JA-12 |
| PD2 | Order Signed on 11/7/2008 Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA. (Related Doc #[147]) (Nulty, Lynda) [Dkt. # 241] | JA-13 – JA-18 |
| PD3 | Order Signed on 11/15/2012 Approving General Creditor Claim Objection Procedures (Related Doc #[5392]) (Nulty, Lynda) [Dkt. # 5442] | JA-19 – JA-22 |
| PD4 | Motion for Omnibus Objection to Claim(s) / Trustee's One Hundred Ninety-Ninth Omnibus Objection to General Creditor Claims (No Liability Claims) filed by Christopher K. Kiplok on behalf of James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc. with hearing to be held on 2/27/2014 at 10:00 AM at Courtroom 621 (SCC). Responses due by 2/18/2014. (Kiplok, Christopher) [Dkt.# 8154] | JA-23 – JA-44 |
| PD5 | Response to Motion (related document(s)8154) filed by Ethan A. Brecher on behalf of Mary Annette Ortegon with hearing to be held on 2/27/2014 at 10:00 AM at Courtroom 621 (SCC) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E). (Brecher, Ethan) [Dkt. # 8238] | JA-45 – JA-128 |
| PD6 | Letter Requesting Conference filed by Ethan A. Brecher on behalf of Mary Annette Ortegon. (Brecher, Ethan) [Dkt. # 8991] | JA-129 – JA-131 |

| Public Document ("PD") | Description | Page Range |
|---|---|---|
| PD7 | Letter to Honorable Shelley C. Chapman Regarding Contested Claim of Mary Ortegon (Claim No. 4546) filed by Christopher K. Kiplok on behalf of James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc. (Kiplok, Christopher) [Dkt. # 8996] | JA-132 – JA-135 |
| PD8 | So Ordered Stipulation and Scheduling Order Regarding Contested Claim of Mary Ortegon (Claim No. 4546) signed on 6/30/2014 (related document(s) 8996). (Chien, Jason) [Dkt. # 9259] | JA-136 – JA-139 |
| PD9 | Motion for Summary Judgment / Trustee's Motion for Summary Judgment on the Trustee's Objection to the General Creditor Claim Filed by Mary A. Ortegon (Claim No. 4546) filed by Christopher K. Kiplok on behalf of James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc. with hearing to be held on 10/7/2014 at 10:00 AM at Courtroom 623 (SCC). Responses due by 8/15/2014. (Kiplok, Christopher) [Dkt.# 9427} | JA-140 – JA-156 |
| PD10 | Declaration of Meaghan Gragg in Support of the Trustee's Motion for Summary Judgment on the Trustee's Objection to the General Creditor Claim Filed by Mary A. Ortegon (Claim No. 4546) (related document(s) 9427) filed by Christopher K. Kiplok on behalf of James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc. (Kiplok, Christopher) [Dkt. # 9428] | JA-157 – JA-227 |
| PD11 | Statement / Trustee's Local Bankruptcy Rule 7056-1 Statement of Material Facts in Support of His Motion for Summary Judgment on the Trustee's Objection to the General Creditor Claim Filed by Mary A. Ortegon (Claim No. 4546) (related document(s) 9427) filed by Christopher K. Kiplok on behalf of James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc. (Kiplok, Christopher) [Dkt. # 9429] | JA-228 – JA-233 |
| PD12 | Opposition Brief (related document(s)9427) filed by Ethan A. Brecher on behalf of Mary Annette Ortegon. (Brecher, Ethan) [Dkt. # 9654] | JA-234 – JA-249 |
| PD13 | Statement Pursuant to 7056-1 (related document(s) 9427) filed by Ethan A. Brecher on behalf of Mary Annette Ortegon. (Brecher, Ethan) [Dkt. # 9655] | JA-250 – JA-260 |

| Public Document ("PD") | Description | Page Range |
|---|---|---|
| PD14 | Declaration of Ethan A. Brecher (related document(s) 9427) filed by Ethan A. Brecher on behalf of Mary Annette Ortegon (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H). (Brecher, Ethan) [Dkt. # 9656] | JA-261 – JA-337 |
| PD15 | Statement / Trustee's Reply Memorandum in Support of the Trustee's Motion for Summary Judgment on the Trustee's Objection to the General Creditor Claim Filed by Mary A. Ortegon (Claim No. 4546) (related document(s) 9427) filed by Christopher K. Kiplok on behalf of James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc. with hearing to be held on 10/7/2014 at 10:00 AM at Courtroom 623 (SCC). (Kiplok, Christopher) [Dkt. # 9734] | JA-338 – JA-349 |
| PD16 | Declaration of Meaghan Gragg in Support of the Trustee's Reply Memorandum in Support of the Trustee's Motion for Summary Judgment on the Trustee's Objection to the General Creditor Claim Filed by Mary A. Ortegon (Claim No. 4546) filed by Christopher K. Kiplok on behalf of James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc. (Kiplok, Christopher) [Dkt. # 9735] | JA-350 – JA-428 |
| PD17 | Trustee's Eleventh Interim Report for the Period February 15, 2014 Through September 9, 2014 and Quarterly Report on the General Creditor Claims Process Filed by Christopher K. Kiplok on behalf of James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc. (Kiplok, Christopher) [Dkt. # 9839] | JA-429 – JA-467 |

| Public Document ("PD") | Description | Page Range |
|---|---|---|
| PD18 | Excerpt of Transcript regarding Hearing Held on 10/7/2014 10:13 AM RE: One Hundred Forty-Sixth Omnibus Objection to General Creditor Claims et al. Remote electronic access to the transcript is restricted until 1/6/2015. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [Transcription Service Agency: VERITEXT REPORTING COMPANY]. (See the Courts Website for contact information for the Transcription Service Agency.) (RE: related document(s) 9442, 9013, 9584, 7382, 9529, 8567, 9394, 9601, 8483, 9744, 9667, 9658, 8533, 9712, 9478, 9605, 9482, 9525, 9583, 9161, 9527, 7666, 8966, 9530, 9470, 8428, 9736, 9059, 6758, 8858). Notice of Intent to Request Redaction Deadline Due By 10/15/2014. Statement of Redaction Request Due By 10/29/2014. Redacted Transcript Submission Due By 11/10/2014. Transcript access will be restricted through 1/6/2015. (Ortiz, Carmen) [Dkt. # 10124] | JA-468 – JA-490 |
| PD19 | Supplemental Order Granting the Trustee's One Hundred Ninety-Ninth Omnibus Objection to General Creditor Claims (No Liability Claims) signed on 10/20/2014 (related document(s) 8443). (White, Greg) [Dkt. # 10201] | JA-491 – JA-495 |
| PD20 | Notice of Appeal (related document(s) 10201) filed by Ethan A. Brecher on behalf of Mary Annette Ortegon. Appellant Designation due by 11/5/2014. (Brecher, Ethan) [Dkt. # 10212] | JA-496 – JA-498 |

Dated:  New York, New York
        November 13, 2014

/s/ MEAGHAN C. GRAGG_____
James B. Kobak, Jr.
Ned H. Bassen
Meaghan C. Gragg
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Tel: 212-837-6000
Fax: 212-422-4726
Email:  kobak@hugheshubbard.com
Email:  bassen@hugheshubbard.com
Email:  gragg@hugheshubbard.com


*Attorneys for James W. Giddens,*
*Trustee for the SIPA Liquidation of*
*Lehman Brothers Inc.*

/s/ ETHAN A. BRECHER_____
Ethan A. Brecher
LAW OFFICE OF ETHAN A. BRECHER, LLC
600 Third Avenue, 2nd Floor
New York, NY 10016
Tel: 646-571-2440
Fax: 888-821-0246
Email: ethan@ethanbrecherlaw.com


*Attorney for Mary A. Ortegon*

# **<u>PD 1</u>**

**'08 CIV 8119**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,

              Plaintiff-Applicant,

       v.

LEHMAN BROTHERS INC.

              Defendant.

Civil Action No. 08-__

## ORDER COMMENCING LIQUIDATION[1]

On the Complaint and Application of the Securities Investor Protection Corporation ("SIPC"), it is hereby:

I.        ORDERED, ADJUDGED and DECREED that the customers of the defendant Lehman Brothers Inc. ("LBI") are in need of the protection afforded by the Securities Investor Protection Act of 1970, as amended ("SIPA"). 15 U.S.C. §78aaa et seq.

II.       ORDERED that pursuant to 15 U.S.C. §78eee(b)(3), James W. Giddens is appointed Trustee (the "Trustee") for the liquidation of the business of LBI with all the duties and powers of a trustee as prescribed in SIPA, and the law firm of Hughes Hubbard & Reed LLP is appointed counsel for the Trustee. The Trustee shall file a fidelity bond satisfactory to the Court in the amount of $100,000.00.

---

1.   The "LBI Liquidation Order"

60394664_7.DOC

III.   ORDERED that all persons and entities are notified that, subject to the other provisions of 11 U.S.C. §362, the automatic stay provisions of 11 U.S.C. §362(a) operate as a stay of:

A.   the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other proceeding against LBI that was or could have been commenced before the commencement of this proceeding, or to recover a claim against LBI that arose before the commencement of this proceeding;

B.   the enforcement against LBI or against property of the estate of a judgment obtained before the commencement of this proceeding;

C.   any act to obtain possession of property of the estate or property from the estate;

D.   any act to create, perfect or enforce any lien against property of the estate;

E.   any act to create, perfect or enforce against property of LBI any lien to the extent that such lien secures a claim that arose before the commencement of this proceeding;

F.   any act to collect, assess or recover a claim against LBI that arose before the commencement of this proceeding;

G.   the setoff of any debt owing to LBI that arose before the commencement of this proceeding against any claim against LBI; and

H.   the commencement or continuation of a proceeding before the United States Tax Court concerning LBI's tax liability for a taxable period the Bankruptcy Court may determine.

60394664_7.DOC

IV.     ORDERED that all persons and entities are stayed, enjoined and restrained from directly or indirectly removing, transferring, setting off, receiving, retaining, changing, selling, pledging, assigning or otherwise disposing of, withdrawing or interfering with any assets or property owned, controlled or in the possession of LBI, including but not limited to the books and records of LBI, and customers' securities and credit balances, except for the purpose of effecting possession and control of said property by the Trustee.

V.      ORDERED that pursuant to 15 U.S.C. §78eee(b)(2)(B)(i), any pending bankruptcy, mortgage foreclosure, equity receivership or other proceeding to reorganize, conserve or liquidate LBI or its property and any other suit against any receiver, conservator or trustee of LBI or its property, is stayed.

VI.     ORDERED that pursuant to 15 U.S.C. §§78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of 11 U.S.C. §§362(b) and 553, except as otherwise provided in this Order, all persons and entities are stayed, enjoined and restrained for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from enforcing liens or pledges against the property of LBI and from exercising any right of setoff, without first receiving the written consent of SIPC and the Trustee.

VII.    ORDERED that, pursuant to 15 U.S.C. §78eee(b)(2)(C)(ii), and notwithstanding 15 U.S.C. §78eee(b)(2)(C)(i), all persons and entities are stayed for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by LBI, whether or not with respect to one or more of such contracts or agreements, securities sold by LBI under a repurchase agreement, or securities lent

under a securities lending agreement, without first receiving the written consent of SIPC and the

Trustee.

VIII.   ORDERED that the stays set forth in paragraphs three – six shall not apply

to:

A.   any suit, action or proceeding brought or to be brought by the United

States Securities and Exchange Commission ("Commission"), the

Commodity Futures Trading Commission ("CFTC"), or any self-

regulatory organization of which LBI is now a member or was a member

within the past six months; or

B.   the exercise of a contractual right of a creditor to liquidate, terminate, or

accelerate a securities contract, commodity contract, forward contract,

repurchase agreement, swap agreement, or master netting agreement, as

those terms are defined in 11 U.S.C. §§101, 741, and 761, to offset or net

termination values, payment amounts, or other transfer obligations arising

under or in connection with one or more of such contracts or agreements,

or to foreclose on any cash collateral pledged by LBI, whether or not with

respect to one or more of such contracts or agreements; or

C.   the exercise of a contractual right of any securities clearing agency to

cause the liquidation of a securities contract as defined in 11 U.S.C.

§741(7) and the contractual right of any derivatives clearing organization

to cause the liquidation of a commodity contract as defined in 11 U.S.C.

§761(4); or

60394664_7.DOC

D.   the exercise of a contractual right of any stockbroker or financial institution, as defined in 11 U.S.C. §101, to use cash or letters of credit held by it as collateral, to cause the liquidation of its contract for the loan of a security to LBI or for the pre-release of American Depository Receipts or the securities underlying such receipts; or

E.   the exercise of a contractual right of any "repo" participant, as defined in 11 U.S.C. §101, to use cash to cause the liquidation of a repurchase agreement, pursuant to which LBI is a purchaser of securities, whether or not such repurchase agreement meets the definition set forth in 11 U.S.C. §101(47); or

F.   the exercise of a contractual right, as such term is used in 11 U.S.C. §555, in respect of (i) any extension of credit for the clearance or settlement of securities transactions or (ii) any margin loan, as each such term is used in 11 U.S.C. §741(7), by a securities clearing bank, or the exercise of a contractual right as such term is used in 11 U.S.C. §556 in respect of any extension of credit for the clearance or settlement of commodity contracts by a commodity broker as defined in 11 U.S.C. §101(6). As used herein, "securities clearing bank" refers to any financial participant, as defined in 11 U.S.C. §101(22A), that extends credit for the clearance or settlement of securities transactions to one or more Primary Government Securities Dealers designated as such by the Federal Reserve Bank of New York from time to time; or

G.    the exercise of a contractual right, as such term is used in 11 U.S.C. §555, by a person (or such person's agent) in respect of securities that were sold to such person by LBI pursuant to a repurchase transaction (as such term is used in 11 U.S.C. §741(7) and regardless of whether such transaction is a repurchase agreement within the meaning of 11 U.S.C. §101(47)) with LBI that is subject to a Custodial Undertaking in Connection With Repurchase Agreement among LBI, JPMorgan Chase Bank N.A. and such person (or such person's agent); or

H.    the exercise of a contractual right, as such term is used in 11 U.S.C. §555, by the Federal Reserve Bank of New York; or

I.    any setoff or liquidating transaction undertaken pursuant to the rules or bylaws of any securities clearing agency registered under section 17A(b) of the Securities Exchange Act of 1934, 15 U.S.C.§78q-1(b), or any derivatives clearing organization registered under section 5b of the Commodity Exchange Act, 7 U.S.C. §7a-1, or by any person acting under instructions from and on behalf of such a securities clearing agency or derivatives clearing organization; or

J.    any settlement transaction undertaken by such securities clearing agency using securities either (i) in its custody or control, or (ii) in the custody or control of another securities agency with which it has a Commission approved interface procedure for securities transactions settlements, provided that the entire proceeds thereof, without benefit of any offset, are promptly turned over to the Trustee; or

K.    any transfer or delivery to a securities clearing agency or derivatives clearing organization by a bank or other depository, pursuant to instructions given by such clearing agency or derivatives clearing organization, of cash, securities, or other property of LBI held by such bank or depository subject to the instructions of such clearing agency or derivatives clearing organization and constituting a margin payment as defined in 11 U.S.C. §741(5); or

IX.    ORDERED that the stays set forth in paragraphs three – seven above shall not apply to the exercise of any rights specified in Sections 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560 and/or 561 of the Bankruptcy Code by Barclays Capital Inc. or any affiliate thereof (or any agent of Barclays Capital Inc. or any affiliate thereof), including without limitation rights of foreclosure and disposition referred to in 15 U.S.C. Section 78eee(b)(2)(C)(ii), with respect to any transaction (or any extension, assignment, novation or rollover of such transaction) entered into on or prior to the earlier of (i) consummation of the transactions contemplated by the Asset Purchase Agreement dated September 16, 2008 among Barclays Capital Inc., Lehman Brothers Inc., Lehman Brothers Holdings Inc. and LB 745 LLC and (ii) September 24, 2008;

X.    ORDERED that pursuant to 11 U.S.C. §721, the SIPA Trustee is authorized to operate the business of LBI to:  (a) conduct business in the ordinary course until 6:00 p.m. on September 19, 2008, including without limitation, the purchase and sales of securities, commodities futures and option transactions, and obtaining credit and incurring debt in relation thereto; (b) complete settlements of pending transactions, and to take other necessary and appropriate actions to implement the foregoing, in such accounts until 6:00 p.m. on

September 23, 2008; and (c) take other action as necessary and appropriate for the orderly transfer of customer accounts and related property.

XI.   ORDERED that the Clerk of the Court is directed to immediately open the docket in this proceeding and that this Order be entered on the docket immediately.

XII.   ORDERED that the Clerk of the Court is directed to produce seventy-five (75) certified copies of this Order, at the regular cost, immediately upon the Order's entry onto the docket.

XIII.   ORDERED that pursuant to 15 U.S.C. §78eee(b)(4), this liquidation proceeding is removed to the United States Bankruptcy Court for the Southern District of New York, and shall be transmitted electronically to by the Clerk of the Court immediately upon entry on the docket.

XIV.   ORDERED that the Trustee is authorized to take immediate possession of the property of LBI, wherever located, including but not limited to the books and records of LBI, and to open accounts and obtain a safe deposit box at a bank or banks to be chosen by the Trustee, and the Trustee may designate such of his representatives who shall be authorized to have access to such property.

Date:   September 19, 2008

_____
UNITED STATES DISTRICT JUDGE
A TRUE COPY
J. MICHAEL McMAHON, CLERK

BY _____
DEPUTY CLERK

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>SECURITIES INVESTOR PROTECTION CORPORATION | **DEFENDANTS**<br>LEHMAN BROTHERS INC. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Hughes Hubbard & Reed LLP, *Counsel for the SIPA Trustee*<br>One Battery Park Plaza<br>New York, New York 10004<br>212.837.6000 | **ATTORNEYS** (If Known)<br>James B. Kobak, Jr.<br>Christopher K. Kiplok<br>Jeffrey S. Margolin |
| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Liquidation of Broker-Dealer Lehman Brothers Inc. pursuant to Securities Investor Protection Act, 15 U.S.C. §78aaa et seq.

---

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☒ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Lehman Brothers Holdings Inc., et al. | BANKRUPTCY CASE NO.<br>08-13555 (JMP) | |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of New York | DIVISION OFFICE | NAME OF JUDGE<br>James M. Peck |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br><br>September 19, 2008 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys**. Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand**. Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## **PD 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LEHMAN BROTHERS INC.,<br><br>　　　　　　Debtor. | Adversary Proceeding No.<br><br>08-01420 (JMP) |

**ORDER APPROVING FORM AND MANNER OF PUBLICATION AND
MAILING OF NOTICE OF COMMENCEMENT; SPECIFYING PROCEDURES AND
FORMS FOR FILING, DETERMINATION, AND ADJUDICATION OF
CLAIMS; FIXING A MEETING OF CUSTOMERS AND CREDITORS;
AND FIXING INTERIM REPORTING PURSUANT TO SIPA**

Upon the Trustee's Application seeking entry of an order (i) approving the form

and manner of publication and mailing of notice of commencement of this proceeding; (ii)

specifying procedures and forms for the filing, determination, and adjudication of claims; (iii)

fixing a meeting of customers and other creditors; and (iv) fixing an interim reporting procedure

pursuant to SIPA (the "Application")[1]; and due and proper notice of the Application having been

provided; and it appearing that no other or further notice need be provided; and a hearing having

been held on November 5, 2008 to consider relief requested in the Application (the "Hearing"),

and upon the record of the Hearing, and all the proceedings had before the Court; and the Court

having found and determined that the relief sought in the Application is in the best interests of

the Debtor, its estate, customers, other creditors, and all parties in interest, and that the legal and

factual bases set forth in the Application establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefore, it is:

ORDERED that the Application is granted; and it is further

---

[1] Terms not defined herein shall have the meaning used in the Application.

ORDERED that the notice of commencement attached as Exhibit A to the Application (the "Notice of Commencement"), explanatory letters, claim forms, instructions and notice of trustee's determination of claim appearing as Exhibits B, C, and D to the Application be, and they hereby are, authorized and approved; and it is further

ORDERED that the Trustee shall have the authority, on the advice and consent of the Securities Investment Protection Corporation ("SIPC"), to amend these forms without further order of this Court; and it is further

ORDERED that the Trustee shall cause the Notice of Commencement, substantially in the form attached to the Application as Exhibit A, to be published on December 1, 2008 in all editions of *The New York Times*, all editions of *The Wall Street Journal*, and all editions of *The Financial Times*; and it is further

ORDERED that the Trustee shall cause documents substantially in the form of Exhibits A, B, and C to the Application to be mailed to persons who, as identified from the Debtor's books and records, may potentially assert claims as customers or general creditors, on December 1, 2008, and finding that such mailing complies with the Notice Provisions; and it is further

ORDERED that the Trustee shall have the authority, as provided in section 78fff-2(b) of SIPA, to satisfy customer claims insofar as the claims agree with the Debtor's books and records, or are otherwise established to the Trustee's satisfaction, without further orders of this Court; and it is further

ORDERED that nothing in this order shall prevent the Trustee from agreeing to procedures for intercompany claims as the Trustee may determine is in the best interests of the Estate; and it is further

ORDERED that, with respect to net equity claims, the Trustee shall have the authority to satisfy claims out of moneys made available to the Trustee by SIPC notwithstanding the fact that there has not been any showing or determination that there are sufficient funds of the Debtor available to satisfy such claims; and it is further

ORDERED that, with respect to claims relating to, or net equities based upon, securities of a class and series of an issuer which are ascertainable from the books and records of the Debtor or are otherwise established to the satisfaction of the Trustee, the Trustee shall have the authority to deliver securities of such class and series, if and to the extent available to satisfy such claims in whole or in part, with partial deliveries to be made pro rata to the greatest extent considered practicable by the Trustee; and it is further

ORDERED that the Trustee shall use the following procedure for those claims for protection as a customer of the Debtor, as defined in SIPA, which are not allowed as filed:

(1)     The Trustee will notify the claimant that the Trustee has determined that the claimant's claim has been disallowed in whole or in part or has otherwise not been approved for satisfaction as filed.  Notification shall be in a form similar to the Notice of Determination of Claim, attached as Exhibit D hereto.   If a claimant is aggrieved by the determination of the Trustee, the claimant shall be afforded the opportunity to have the matter heard by the court as a contested matter under Rule 9014 of the Bankruptcy Rules, consistent with the procedures set forth herein.

(2)     The claimant shall request a hearing before this court by filing a request in accordance with the instructions included with the Trustee's determination.   The claimant shall file the request with the Bankruptcy Court in accordance with local rules, and serve upon the Trustee's counsel, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004, Attention: LBI Hearing Request, within thirty days of the date on which the Trustee mailed his determination.   The request shall include (i) the claim number; (ii) a detailed

3

statement of the reasons for the claimant's objection to the Trustee's determination; (iii) copies of any document or other writing upon which the claimant relies; and (iv) mailing, phone, and email contact information for the claimant.

(3)     The Trustee shall ask the Court to set a time and date for a hearing and shall notify the claimant in writing of the time, date and place of the hearing. The Trustee may, upon the advice and consent of SIPC, establish such other procedures for adjudication of claims as in his discretion leads to the most efficient and orderly administration of the claims process for all claimants without further order of this Court.

(4)     If a claimant fails to request a hearing within thirty days of the mailing of the Trustee's determination in accordance with the procedures established by this Court's order, or if the claimant fails to appear at the hearing, then the Trustee's determination shall be final.

ORDERED that the Trustee shall have the authority to compromise and settle any disputed customer claim at any time, with the approval of SIPC, without further order of this Court; and it is further

ORDERED that any claim of a customer for net equity which is received by the Trustee after the expiration of a sixty (60) day time period beginning on the date of publication of the Notice of Commencement need not be paid or satisfied in whole or in part out of customer property, and, to the extent such claim is satisfied from monies advanced by SIPC, it shall be satisfied in cash or securities (or both) as the Trustee determines is most economical to the estate; and it is further

ORDERED that based on the December 1, 2008 mailing date for the Notice of Commencement, the bar date for all claims is June 1, 2009 and the bar date for receiving the maximum possible protection for customer claims under SIPA is January 30, 2009; and it is further

4

**JA-17**

ORDERED that claims against the Debtor in this proceeding shall be filed with the Trustee through the Trustee's claims agent, Epiq Bankruptcy Solutions, LLC at: Lehman Brothers Inc. Claims Processing, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5015, New York, NY 10150-5015; and it is further

ORDERED that a meeting of customers and creditors will take place on December 17, 2008 at 10:00 a.m. (Prevailing Eastern Time), at the New York Marriott Downtown, 85 West Street, New York, New York 10006; and it is further

ORDERED that the Trustee shall file his first report pursuant to 78fff-1(c) of SIPA within six (6) months after publication of the Notice of Commencement, and shall file interim reports every six (6) months thereafter.

Dated: New York, New York
      November 7, 2008

*s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

5

# **PD 3**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

LEHMAN BROTHERS INC.,

Debtor.

Case No. 08-01420 (JMP) SIPA

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN THE TRUSTEE AND LEHMAN BROTHERS FINANCE AG, IN
## LIQUIDATION (A/K/A LEHMAN BROTHERS FINANCE SA, IN LIQUIDATION)

Upon the motion dated October 3, 2012 (the "Motion," ECF No. 5362)[1] of James

W. Giddens (the "Trustee"), as trustee for the liquidation of the business of Lehman Brothers

Inc. ("LBI") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"),

seeking entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") approving the settlement agreement entered into by the Trustee and

PricewaterhouseCoopers AG (Zurich), in its capacity as liquidators for the liquidation of Lehman

Brothers Finance AG (a/k/a Lehman Brothers Finance, SA) ("LBF"); and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with SIPA

§ 78eee(b)(4); and venue being proper before this Court pursuant to SIPA § 78eee(a)(3) and 15

U.S.C. § 78aa; and due and proper notice of the Motion having been provided in accordance with

the Amended Case Management Order; and a reasonable opportunity to object or be heard

regarding the Motion having been afforded to all such parties; and it appearing that no other or

further notice need be provided; and the relief requested in the Motion is appropriate and in the

---

1. Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

best interests of the LBI estate, its customers, its creditors, and all parties in interest; and sufficient cause appearing therefor, it is

ORDERED that the Court having determined and found that the proposed compromises and settlements set forth in the Settlement Agreement are reasonable and appropriate and consummation of the transactions contemplated by the Agreement is in the best interests of the LBI estate, its customers and creditors, the Motion is GRANTED; and it is further

ORDERED that LBF shall have an allowed customer claim against LBI in the amount of US$189,924,000.00 (one hundred eighty-nine million nine hundred twenty-four thousand U.S. dollars) and an allowed unsecured non-priority general creditor claim against LBI in the amount of US$360,000,000.00 (three hundred sixty million U.S. dollars); and it is further

ORDERED that the Objection filed by LBF on December 1, 2010 (ECF No. 3931) is hereby expunged with prejudice; and it is further

ORDERED that any and all Claims asserted by LBF or the LBI Trustee against each other shall be expunged, disallowed and released in accordance with the Settlement Agreement; and it is further

ORDERED that any objections to the Motion that have not otherwise been withdrawn or resolved are overruled; and it is further

ORDERED that pursuant to Bankruptcy Rule 9019, the compromises and settlements described in the Motion and contemplated by and provided for in the Settlement Agreement are approved; and it is further

ORDERED that the Trustee is authorized to take any and all actions reasonably necessary to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

JA-21

ORDERED that all rights, claims and defenses with respect to the form of distribution to be made by the Trustee in respect of the LBF allowed customer claim are expressly reserved; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
        November 15, 2012

                              *s/ James M. Peck*
                              Honorable James M. Peck
                              United States Bankruptcy Judge

3

## **PD 4**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE TRUSTEE'S ONE HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, KAREN M. CHAU, ESQ., AT (212) 837-6512.**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (JMP) SIPA |
| Debtor. | |

**NOTICE OF HEARING ON THE TRUSTEE'S ONE HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on January 28, 2014, James W. Giddens (the "Trustee"), as trustee for the liquidation of the business of Lehman Brothers Inc. (the "Debtor" or "LBI"), under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), by and through his undersigned counsel, filed his one hundred ninety-ninth omnibus objection to general creditor claims (the "One Hundred Ninety-Ninth Omnibus

Objection to General Creditor Claims"), and that a hearing to consider the Trustee's One Hundred Ninety-Ninth Omnibus Objection to General Creditor Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 621, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **February 27, 2014 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

        **PLEASE TAKE FURTHER NOTICE** that responses, if any, to entry of the order must (i) be in writing; (ii) state the name and address of the responding party and nature of the claim or interest of such party; (iii) state with particularity the legal and factual bases of such response; (iv) conform to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules; (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with General Order M-399 by registered users of the Court's Electronic Case Filing system, and by all other parties in interest, on a 3.5 inch disk, compact disk, or flash drive, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format no later than **February 18, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline"); and (vi) be served on (a) Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York, 10004, Attn: Meaghan C. Gragg, Esq.; (b) Securities Investor Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, DC 20005, Attn: Kenneth J. Caputo, Esq.; and (c) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Maurice Horwitz, Esq. and Lori R. Fife, Esq., with a courtesy copy to the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621.

JA-25

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served

with respect to the Trustee's One Hundred Ninety-Ninth Omnibus Objection to General Creditor

Claims or any claim set forth thereon, the Trustee may, on or after the Response Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

to the Trustee's One Hundred Ninety-Ninth Omnibus Objection to General Creditor Claims,

which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      January 28, 2014

HUGHES HUBBARD & REED LLP

By: /s/ James B. Kobak, Jr.
James B. Kobak, Jr.
Ned H. Bassen
Christopher K. Kiplok
Meaghan C. Gragg
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: kobak@hugheshubbard.com

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.
     .

3

**JA-26**

**Hearing Date and Time: February 27, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: February 18, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (JMP) |
| Debtor. | |

### THE TRUSTEE'S ONE HUNDRED NINETY-NINTH OMNIBUS OBJECTION
### TO GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS ONE HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL, KAREN M. CHAU, ESQ., AT (212) 837-6512.**

---

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

James W. Giddens (the "<u>Trustee</u>"), as Trustee for the liquidation of the business of

Lehman Brothers Inc. ( "<u>LBI</u>") under the Securities Investor Protection Act of 1970 as amended,

15 U.S.C. §§ 78aaa *et seq*. ("<u>SIPA</u>"),[1] by and through his undersigned counsel, respectfully

represents as follows:

<u>**RELIEF REQUESTED**</u>

1.    The Trustee files this one hundred ninety-ninth omnibus objection to general

creditor claims (the "<u>One Hundred Ninety-Ninth Omnibus Objection to General Creditor</u>

<u>Claims</u>") pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy</u>

<u>Code</u>"), as made applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of

SIPA, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"),

and this Court's order approving procedures for the filing of omnibus objections to general

creditor claims filed in this SIPA proceeding (the "<u>General Creditor Claim Objection Procedures</u>

<u>Order</u>," ECF No. 5441), seeking disallowance and expungement of the claims listed on <u>Exhibit</u>

<u>A</u> annexed hereto.  The Trustee's proposed order (the "<u>Proposed Order</u>") is annexed hereto as

<u>Exhibit B</u>.

2.    The proofs of claim identified on <u>Exhibit A</u> (collectively, the "<u>No Liability</u>

<u>Claims</u>" or the "<u>Claims</u>") are claims by purported former employees based on allegations of

employment discrimination, wrongful termination, and/or similar employment-related purported

---

1.    For convenience, subsequent references to SIPA may omit "15 U.S.C."

2

**JA-28**

wrongdoing.  None of these Claims have merit.  Therefore, the Trustee requests that these

Claims be disallowed and expunged in their entirety.

## JURISDICTION

3.      Following removal to this Court for all purposes as required for SIPA cases by

section 78eee(b)(4) of SIPA, this Court has "all of the jurisdiction, powers, and duties conferred

by [SIPA] upon the court to which application for the issuance of the protective decree was

made."  15 U.S.C. § 78eee(b)(4).

4.      Venue is proper in this Court pursuant to SIPA section 78eee(a)(3) and 15 U.S.C.

section 78aa.

## BACKGROUND

5.      On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch,

United States District Court, Southern District of New York, entered the Order Commencing

Liquidation of LBI (the "LBI Liquidation Order," ECF. No. 1) pursuant to the provisions of

SIPA in the case captioned Securities Investor Protection Corporation v. Lehman Brothers Inc.,

Case No. 08-CIV-8119 (GEL).  The LBI Liquidation Order, inter alia, (i) appointed the Trustee

for the liquidation of the business of LBI pursuant to section 78eee(b)(3) of SIPA; and (ii)

removed the case to this Court for all purposes as required for SIPA cases by section 78eee(b)(4)

of SIPA, in the case captioned In re Lehman Brothers Inc., Case No. 08-01420 (JMP) (the "SIPA

Proceeding").

6.      On November 7, 2008, the Court entered the Order Approving Form and Manner

of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for

Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Other

Creditors; and Fixing Interim Reporting Pursuant to SIPA (the "Claims Process Order," ECF No.

3

241).  Beginning on December 1, 2008, consistent with SIPA section 78fff-2(a)(1), the Trustee

mailed more than 905,000 claims packages with filing information to former LBI customers and

other potential claimants (the "Claims Process Notice") and posted claims filing information on

the Trustee's website (www.lehmantrustee.com) and SIPC's website (www.sipc.org).  The

Trustee also published notice of the claims process in *The New York Times*, *The Wall Street*

*Journal* and *The Financial Times*.

       7.      Pursuant to SIPA section 78fff-2(a)(3) and the Claims Process Order, customer

claims seeking maximum protection under SIPA must have been received by the Trustee on or

before January 30, 2009.  All customer claims and general creditor claims must have been

received by the Trustee by June 1, 2009 and no claims of any kind will be allowed unless

received by the Trustee on or before June 1, 2009 (the "Pre-Filing Bar Date").  In addition to the

Pre-Filing Bar Date, on September 19, 2013, the Bankruptcy Court entered an order (the

"Administrative Bar Date Order") that established October 31, 2013 (the "Administrative Bar

Date") as the deadline to file a proof of claim for administrative expense claims against the LBI

estate, as further described in the Administrative Bar Date Order, with respect to such

administrative expenses arising between September 19, 2008 and August 31, 2013.  The

Administrative Bar Date has now passed.  A copy of the Claims Process Order was made

publicly available at www.lehmantrustee.com.  The Trustee's website allowed claimants filing

electronically to upload documents as part of their claim submission and thereby comply with the

instructions to include supporting documentation set forth in the Proof of Claim.

       8.      On November 15, 2012, the Court entered the General Creditor Claim Objection

Procedures Order, which authorizes the Trustee, among other things, to file omnibus objections

to no more than 200 general creditor claims at a time, on various grounds, including the grounds

that the claims subject to the omnibus objection seek recovery of amounts for which LBI is not liable.

## THESE CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

9.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

10.      Based on analysis by the Trustee's counsel of each of the Claims listed in Exhibit A, the Trustee has identified the Claims as claims for which LBI is not liable, as there is no legal and/or factual basis for a claim against LBI.  Each of the Claims is based on allegations of employment discrimination, wrongful termination, and/or similar employment-related purported wrongdoing.  The Trustee's counsel has determined that LBI has no liability for the Claims because, as set forth in Exhibit A, the employment actions at issue were lawful and/or

JA-31

that the Claims are not legally viable because the Claims have been settled, released, and/or are procedurally improper.[2]

11.    A claim without merit does not result in a claim against, or a right to payment from, LBI.  Therefore, the Trustee requests that the Claims listed on <u>Exhibit A</u> be disallowed and expunged in their entirety.

## <u>RESERVATION OF RIGHTS</u>

12.    The Trustee reserves all rights to object to any Claim or any portion of any Claim for which the Court does not grant the relief requested herein.

## <u>NOTICE</u>

13.    Notice of this One Hundred Ninety-Ninth Omnibus Objection to General Creditor Claims has been provided to (i) each claimant listed on <u>Exhibit A</u> via overnight mail; and (ii) the list of parties requesting notice of pleadings in accordance with the Court's Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures and Related Relief entered by the Court on July 13, 2010 (ECF No. 3466), and will be immediately available for inspection upon filing with the Court at the Trustee's website, www.lehmantrustee.com.  The Trustee submits that no other or further notice need be provided.

---

2.    The Claims may be objectionable on a number of additional grounds.  The Trustee reserves all rights to object on any other basis to the Claims or any portion of the Claims for which the Court does not grant the relief requested herein.

**<u>NO PRIOR RELIEF REQUESTED</u>**

14.     No previous request for the relief requested herein has been made by the Trustee

to this or any other Court.

**<u>CONCLUSION</u>**

For the reasons stated herein, the Trustee respectfully requests entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated:   New York, New York
             January 28, 2014

HUGHES HUBBARD & REED LLP

By: /s/ James B. Kobak, Jr.
James B. Kobak, Jr.
Ned H. Bassen
Christopher K. Kiplok
Meaghan C. Gragg
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
Email:  kobak@hugheshubbard.com

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

7

# EXHIBIT A

## IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (JMP) SIPA
## ONE HUNDRED NINETY-NINTH OMNIBUS OBJECTION: EXHIBIT A- NO LIABILITY CLAIMS

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | CARPENTER, THERESA F/K/A THERESA YOST EQUAL EMPLOYMENT OPPORTUNITY COMMISSION 72 NORTH STATE ROAD #170 BRIARCLIFF MANOR NEW YORK, NY 10510 | 3678 | 2/23/2009 | UNSPECIFIED* | No legal and/or factual justification for a claim against LBI. Claim 3678 is based on allegations of employment discrimination related to the claimant's pregnancy. The employment actions that are the subject of the claim were lawful and, further, the claimant executed a separation agreement releasing all of her claims. To the extent the claim is not expunged in its entirety pursuant to this objection, LBI reserves all of its right to dispute the validity of the claim on any basis whatsoever. |
| 2 | CARTY, STEPHEN F. ROBERT G. SPEVACK, ESQ. 150 BROADWAY, 20TH FLOOR NEW YORK, NY 10038 | 3519 | 2/6/2009 | $10,000,000.00 | No legal and/or factual justification for a claim against LBI. Claim 3519 is based on a FINRA claim which asserts that LBI's employment actions discriminated against the claimant due to alleged disability. The employment actions that are the subject of this claim were lawful. Further, the claim lacks a legally sufficient discrimination charge and the claimant has no right to the claimed front pay. To the extent the claim is not expunged in its entirety pursuant to this objection, LBI reserves all of its rights to dispute the validity of the claim on any basis whatsoever. |
| 3 | DOMINIK, JURGEN C\O KIRBY NOONAN LANCE HOGE LLP JAMES LANCE 350 TENTH AVENUE SUITE 1300 SAN DIEGO, CA 92101 | 7001020 | 1/28/2009 | $2,280,000.00 | No legal and/or factual justification for a claim against LBI. Claim 7001020 asserts a claim based on allegations of interference with contractual relations. These claims were settled and dismissed with prejudice on April 1, 2009 by the United States District Court of the Southern District of California. *See Dominik v. LBI*, 07 CV 0171 IEG (JMA) (S.D. Cal. April 1, 2009) (No. 63). To the extent the claim is not expunged in its entirety pursuant to this objection, LBI reserves all of its right to dispute the validity of the claim on any basis whatsoever. |

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 4 | FORD, KAREN POST<br>PAMELA B. WILLIAMS<br>ATTORNEY<br>3730 KIRBY SUITE 1200<br>HOUSTON, TX 77098 | 4595 | 5/19/2009 | $1,300,000.00 | No legal and/or factual justification for a claim against LBI. Claim 4595 is based on allegations of personal injury and employment discrimination. The employment actions that are the subject of the claim were lawful, as, among other things, claimant violated employment rules. To the extent the claim is not expunged in its entirety pursuant to this objection, LBI reserves all of its rights to dispute the validity of the claim on any basis whatsoever. |
| 5 | ORTEGON, MARY<br>200 CHAMBERS STREET<br>APARTMENT 6H<br>NEW YORK, NY 10007 | 4546 | 5/15/2009 | $500,000.00 | No legal and/or factual justification for a claim against LBI. Claim 4546 asserts a claim based on allegations of breach of contract and employment discrimination. The employment actions that are the subject of the claim were lawful, as claimant's employment was at will and in securing a job offer, claimant failed to disclose that she would require substantial time off to pursue a graduate degree in a different state. To the extent the claim is not expunged in its entirety pursuant to this objection, LBI reserves all of its rights to dispute the validity of the claim on any basis whatsoever. |

2

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 6 | STEFANIK, JOSEPH<br>603 OLD FORGE LANE<br>FRANKLIN LAKES, NJ 07417-1026 | 6105 | 9/2/2009 | $800,000.00 | No legal and/or factual justification for a claim against LBI. Claim 6105 is based on allegations of wrongful termination and an alleged right to a bonus, and further threatens to bring a claim based on allegations of age discrimination. The employment actions that are the subject of the claim were lawful. Further, the claim is legally insufficient because, among other things, claimant's Form U-4 was legally insufficient to overcome at-will employment under New York law and the statute of limitations has run on any purported discrimination claim. To the extent the claim is not expunged in its entirety pursuant to this objection, LBI reserves all of its rights to dispute the validity of the claim on any basis whatsoever. |
| | Total | | | $14,880,000.00 | |

3

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re

LEHMAN BROTHERS INC.,

Case No. 08-01420 (JMP) SIPA

Debtor.

---

**[PROPOSED] ORDER GRANTING THE TRUSTEE'S ONE HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS**
**(NO LIABILITY CLAIMS)**

Upon the one hundred ninety-ninth omnibus objection to claims, dated January 28, 2014 (the "One Hundred Ninety-Ninth Omnibus Objection to General Creditor Claims"),[1] of James W. Giddens (the "Trustee"), as trustee for the liquidation of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), as made applicable to this proceeding pursuant to sections 78fff(b) and 78fff-1(a) of SIPA, and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging the No Liability Claims on the grounds that LBI does not have any liability, in whole or in part, all as more fully described in the One Hundred Ninety-Ninth Omnibus Objection to General Creditor Claims; and due and proper notice of the One Hundred Ninety-Ninth Omnibus Objection to General Creditor Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Ninety-Ninth Omnibus

---

1.  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the motion.

Objection to General Creditor Claims is in the best interests of LBI, its estate, its customers and creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Ninety-Ninth Omnibus Objection to General Creditor Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the relief requested in the One Hundred Ninety-Ninth Omnibus Objection to General Creditor Claims is granted; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> (collectively, the "<u>No Liability Claims</u>") are disallowed and expunged in their entirety with prejudice; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
February __, 2014

_____
UNITED STATES BANKRUPTCY JUDGE

2

**JA-40**

**EXHIBIT 1**

**IN RE LEHMAN BROTHERS INC., CASE NO: 08-01420 (JMP) SIPA**

**ONE HUNDRED NINETY-NINTH OMNIBUS OBJECTION: EXHIBIT 1 – NO LIABILITY CLAIMS**

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 1 | CARPENTER, THERESA F/K/A THERESA YOST EQUAL EMPLOYMENT OPPORTUNITY COMMISSION 72 NORTH STATE ROAD #170 BRIARCLIFF MANOR NEW YORK, NY 10510 | 3678 | 2/23/2009 | UNSPECIFIED* | No legal and/or factual justification for a claim against LBI. Claim 3678 is based on allegations of employment discrimination related to the claimant's pregnancy. The employment actions that are the subject of the claim were lawful and, further, the claimant executed a separation agreement releasing all of her claims. To the extent the claim is not expunged in its entirety pursuant to this objection, LBI reserves all of its right to dispute the validity of the claim on any basis whatsoever. |
| 2 | CARTY, STEPHEN F. ROBERT G. SPEVACK, ESQ. 150 BROADWAY, 20TH FLOOR NEW YORK, NY 10038 | 3519 | 2/6/2009 | $10,000,000.00 | No legal and/or factual justification for a claim against LBI. Claim 3519 is based on a FINRA claim which asserts that LBI's employment actions discriminated against the claimant due to alleged disability. The employment actions that are the subject of this claim were lawful. Further, the claim lacks a legally sufficient discrimination charge and the claimant has no right to the claimed front pay. To the extent the claim is not expunged in its entirety pursuant to this objection, LBI reserves all of its rights to dispute the validity of the claim on any basis whatsoever. |

* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|
| 3  DOMINIK, JURGEN<br>C\O KIRBY NOONAN LANCE HOGE LLP<br>JAMES LANCE<br>350 TENTH AVENUE<br>SUITE 1300<br>SAN DIEGO, CA 92101 | 7001020 | 1/28/2009 | $2,280,000.00 | No legal and/or factual justification for a claim against LBI. Claim 7001020 asserts a claim based on allegations of interference with contractual relations. These claims were settled and dismissed with prejudice on April 1, 2009 by the United States District Court of the Southern District of California. *See Dominik v. LBI*, 07 CV 0171 IEG (JMA) (S.D. Cal. April 1, 2009) (No. 63). To the extent the claim is not expunged in its entirety pursuant to this objection, LBI reserves all of its rights to dispute the validity of the claim on any basis whatsoever. |
| 4  FORD, KAREN POST<br>PAMELA B. WILLIAMS<br>ATTORNEY<br>3730 KIRBY SUITE 1200<br>HOUSTON, TX 77098 | 4595 | 5/19/2009 | $1,300,000.00 | No legal and/or factual justification for a claim against LBI. Claim 4595 is based on allegations of personal injury and employment discrimination. The employment actions that are the subject of the claim were lawful, as, among other things, claimant violated employment rules. To the extent the claim is not expunged in its entirety pursuant to this objection, LBI reserves all of its rights to dispute the validity of the claim on any basis whatsoever. |
| 5  ORTEGON, MARY<br>200 CHAMBERS STREET<br>APARTMENT 6H<br>NEW YORK, NY 10007 | 4546 | 5/15/2009 | $500,000.00 | No legal and/or factual justification for a claim against LBI. Claim 4546 asserts a claim based on allegations of breach of contract and employment discrimination. The employment actions that are the subject of the claim were lawful, as claimant's employment was at will and in securing a job offer, claimant failed to disclose that she would require substantial time off to pursue a graduate degree in a different state. To the extent the claim is not expunged in its entirety pursuant to this objection, LBI reserves all of its rights to dispute the validity of the claim on any basis whatsoever. |

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

| | NAME / ADDRESS OF CLAIMANT | CLAIM NUMBER | DATE FILED | TOTAL CLAIM DOLLARS | TRUSTEE'S REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 6 | STEFANIK, JOSEPH<br>603 OLD FORGE LANE<br>FRANKLIN LAKES, NJ 07417-1026 | 6105 | 9/2/2009 | $800,000.00 | No legal and/or factual justification for a claim against LBI. Claim 6105 is based on allegations of wrongful termination and an alleged right to a bonus, and further threatens to bring a claim based on allegations of age discrimination. The employment actions that are the subject of the claim were lawful. Further, the claim is legally insufficient because, among other things, claimant's Form U-4 was legally insufficient to overcome at-will employment under New York law and the statute of limitations has run on any purported discrimination claim. To the extent the claim is not expunged in its entirety pursuant to this objection, LBI reserves all of its rights to dispute the validity of the claim on any basis whatsoever. |
| | Total | | | $14,880,000.00 | |

\* Claim includes unspecified amounts (i.e., amounts not specified by the claimant, amounts listed in a foreign currency, unliquidated amounts and/or amounts listed as "unknown", "$0.00\*", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form), or is a customer claim reclassified to a general creditor claim, which, consistent with the general creditor claims register, is listed as unspecified even where the claimant listed a specific amount on the SIPC customer claim form.

## **PD 5**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                          :
                                                              Case No.:
LEHMAN BROTHERS INC.,                           :
                                                              08-01420 (JMP) (SIPA)
                              Debtor.           :

-----------------------------------------------------------------x

### CREDITOR MARY ORTEGON'S [CLAIM # 4546] RESPONSE TO THE TRUSTEE'S ONE HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO GENERAL CREDITOR CLAIMS (NO LIABILITY CLAIMS)

Mary Annette Ortegon ("Ortegon"), a creditor in the above captioned bankruptcy proceeding, hereby objects to the Trustee's One Hundred Ninety-Ninth Omnibus Objection to General Creditor Claims (No Liability Claims ) (Doc. 8154) filed on January 28, 2014, which seeks to disallow her claim [Claim #4546] for breach of a written, fully executed contract involving a $350,000 guaranteed bonus that Lehman Brothers Inc. ("LBI" or the "Debtor") promised to pay her for calendar year 2007. The contract at issue, drafted by LBI, contained a defined set of circumstances involving "cause" under which LBI was permitted to cancel the bonus.  Because none of the enumerated grounds for "cause" existed in relation to Ortegon's termination from LBI, LBI was not permitted to cancel the bonus, which remains due and owing to Ortegon.  Accordingly, Ortegon's claim against the Debtor is valid and should be permitted to proceed.

### ARGUMENT

1.      In January 2007, after a rigorous interview process, which lasted over the course of a month, LBI extended an offer of employment to Ortegon as a Business Chief Administrative

Officer in its Fixed Income Division. Throughout the interview process, Ortegon informed LBI of her upcoming participation, beginning in January 2007, in an Executive MBA program operated by the Kellogg School of Management at Northwestern University (the "EMBA" program).[1]  Before Ortegon's start date at LBI, she was called into a meeting with Danielle Coppola, LBI's Vice President of Fixed Income Human Resources ("Coppola") and Mohammad Grimeh, LBI's Managing Director, Head of Emerging Markets Business ("Grimeh"), and was informed that her job offer and employment contract (which she had executed on January 16, 2007) had been rescinded due to her participation in the EMBA program, despite the fact that Ortegon had offered to defer her enrollment in the program.

2.     Ortegon suspected that she was terminated because LBI discovered that she had filed charges with the United States Equal Employment Opportunity Commission ("EEOC") against two prior employers, SBC Capital Markets, Inc. and HSBC Securities, for gender discrimination.  Ortegon filed these suits under her maiden name, which LBI discovered on January 16, 2007, when Ortegon filled out her pre-employment paperwork.  In 2008, Ortegon filed a charge of retaliation with the EEOC against LBI based on her suspicions.

3.     When LBI extended Ortegon a job offer, it provided her with an employment contract (the "Contract"), which it prepared, and which was signed by Coppola on January 12, 2007.[2]  In addition to specifying a yearly salary of $150,000, the Contract also provided that Ortegon would be guaranteed a "minimum bonus in the amount of $350,000, less applicable deductions, payable at the time the Firm pays its annual 2007 bonus distribution (on or about January 31, 2008)." (Contract at 1).  Furthermore, the Contract included the following conditions upon which the bonus would not be payable:

---

[1] LBI was a corporate sponsor of the EMBA program.
[2] A copy of the executed contract is attached as Exhibit A.

2

The foregoing salary will be paid for all periods of your active employment with the Firm [LBI] in performance year 2007. The bonus amount set forth above will be paid at the time and in the amount stated except that it will not be payable if you have failed to obtain and/or maintain in good standing all applicable licenses and registrations or if, before the date of scheduled payment, you have resigned **or have been terminated from the Firm because of misconduct, breach of Firm policies or rules, dishonesty, violation of laws or regulations, or substantial and continuing failure to perform employment duties or obligations satisfactorily.** The bonus amount set forth above may be reduced in the event of an approved leave of absence during the applicable performance year.

(Contract at 1) (emphasis added).

4.     The bonus provision in the Contract contained no stipulation as to Ortegon's active employment with LBI in order to maintain her eligibility to receive a bonus.  Ortegon signed the Contract on January 16, 2007.

5.     The Trustee has now objected to Ortegon's claim on the basis that her termination from LBI and its failure to pay her bonus did not constitute a breach of contract. Specifically, the Trustee articulated as its reason for objection to Ortegon's claim that: "The employment actions that are the subject of this claim were lawful, as claimant's employment was at will and in securing a job offer, claimant failed to disclose that she would require substantial time off to pursue a graduate degree in a different state." (Omnibus Objection at 20).

6.     This Trustee's position, however, is contrary to LBI's own position regarding the rationale behind the termination of Ortegon, both as expressed internally in e-mails[3] between the relevant individuals and through representations that LBI's counsel made in a written submission to the EEOC in 2008 responding to Ortegon's retaliation charge.[4]  Furthermore, Ortegon did in fact explicitly list her involvement in the EMBA program on her resume and in her application to the Encore Program, a recruitment program for LBI specifically targeting individuals who had

---

[3] A copy of these emails are attached as Exhibit B.
[4] A copy of this letter (the "Letter"), which includes Ortegon's resume and Application for Encore (a LBI recruiting program) as exhibits, is attached as Exhibit C.

3

**JA-48**

taken time away from the financial services industry to resume their careers. Additionally, Ortegon provided an affidavit to the EEOC in connection with her charge of retaliation against LBI, in which she recounted speaking about her involvement in the EMBA program with LBI executives, including her hiring manager, throughout the interview process.[5]

7.      Ortegon was accepted in to the EMBA program in March of 2006. (Ortegon Aff. ¶ 2). She first contacted a LBI executive in May of 2006 to inquire about any opportunities in New York. (Ortegon Aff. ¶ 3). On September 1, 2006, she met with Rebecca Hornstein ("Hornstein"), LBI's Vice President of Diversity Lateral Recruiting, during which she discussed her participation in the EMBA program and "how the EMBA program was focused on Latin American markets and executives as it was based in Miami, and that it would be well-aligned with Lehman Brother's interests." (Ortegon Aff. ¶ 6). After the meeting, Hornstein told Ortegon that she would add her to the list of potential candidates for employment. (Ortegon Aff. ¶ 10).

8.      In late October 2006, Ortegon applied online to the Encore Program. Her application to the program was accepted, and she attended the program on November 8, 2006. (Ortegon Aff. ¶ 10). On her application under her education, Ortegon noted that she was "beginning EMBA in January 2007 (once a month weekend)." (Letter at 14). Hornstein and Ortegon stayed in contact after the program, and Hornstein eventually informed Ortegon about an opportunity at LBI beginning in January or February of 2007. (Ortegon Aff. ¶ 17). Ortegon began interviewing for the position in December of 2006, meeting with several senior level managers and executives at LBI. Ortegon discussed her enrollment in the EMBA program during these interviews. (Ortegon Aff. ¶ 18). Furthermore, her involvement in the EMBA program was clearly listed as "Kellogg/Northwestern Executive MBA *Winter 2007-Accepted*" on her resume, which she provided to LBI. (Letter at 13).

---

[5] A copy of Ortegon's affidavit (the "Ortegon Aff.") is attached as Exhibit D.

9.      Ortegon then met with Grimeh on December 20, 2006.  (Ortegon Aff. ¶ 19).
They discussed at length LBI's plans to expand business in Brazil.  Ortegon noted that this
would work well with her EMBA program, which she described to him as a "monthly extended
weekend Program based in Miami made up of a group of Latin American executives." (Ortegon
Aff. ¶ 21).  Ortegon resumed interviewing after the holidays and met with several LBI directors
including "Stephen Vena, Managing Director of Operations, Gary Mandelblatt, Managing
Director of Fixed Income, Scott Kimmel, Managing Director of Corporate Advisory/Fixed
Income, Joseph Gentile, Managing Director of Finance/Product Control, Mary Pat Archer,
Managing Director of Fixed Income, Roberto Moraes Emerging Marketing Sales for Brazil."
(Ortegon Aff. ¶ 24).

10.      She discussed her enrollment in the EMBA program as part of her educational
background in each of these interviews, as well as providing her resume, which included a
reference to the EMBA. (Ortegon Aff. ¶ 24).  Scott Kimmel ("Kimmel") specifically asked how
Ortegon would perform her duties and attend the EMBA program.  Ortegon responded that the
program was designed for executives who work full time and that the she was prepared to use
vacation and personal days to attend.  Kimmel expressed his approval and moved on to discuss
her professional background. (Ortegon Aff. ¶ 25).

11.      On January 11, 2007, Grimeh called Ortegon to offer her the position.  Grimeh
and Ortegon made arrangements to meet before his planned trip to London the week of January
22, 2007.  Ortegon reminded him that her EMBA program was beginning that same week and
that it would make sense for Ortegon to travel directly to Brazil from Miami to meet with the
team there. They agreed to meet on January 18, 2007 to discuss her schedule.  (Ortegon Aff. ¶
30).

12.     On January 16, 2007, Ortegon went into LBI's office to sign the Contract (which she did), and fill out pre-employment paperwork.  She also provided her passport, which listed her maiden name Koveleskie rather than Ortegon, her married name.   (Ortegon Aff. ¶ 35). During the course of the day on January 16, Coppola inquired as to Ortegon's precise schedule for the EMBA program.  Ortegon did not have the precise schedule available, but reiterated that she was willing to use personal and vacation days to ensure the arrangement worked for LBI. (Ortegon Aff. ¶ 36).

13.     On the same day, Ortegon inquired as to her ability to use personal and vacation days for the EMBA program because it was not in the information she had been provided during the pre-employment meeting and she wanted to be prepared to discuss specifics with Grimeh on January 18. Shari Kroningold, a LBI human resources employee, responded that employees don't typically take off immediately after they start but it was up to the manager to decide on scheduling issues.  (Ortegon Aff. ¶ 37).   On January 17, 2007, Ortegon further discussed her EMBA schedule with Coppola and offered to defer the EMBA program if it was incompatible with her employment at LBI. (Ortegon Aff. ¶ 40).   Later that same day, they spoke again and Coppola stated that Grimeh was surprised that the EMBA program was starting the following week and that he wanted to meet with Ortegon to discuss her commitment to LBI. Ortegon informed Coppola that she had decided to defer her participation in the EMBA program to focus on LBI.  (Ortegon Aff. ¶ 43).

14.     Ortegon met with Coppola and Grimeh the following day, January 18, 2006. Grimeh questioned why Ortegon did not talk enough about her involvement in the EMBA program.  Ortegon reminded him that she discussed it during their interview on December 20, 2007 and when he called to offer her the job.  He acknowledged that she had discussed it with

6

him, but that he was busy and that he had forgotten about it. Ortegon, who had already offered to

defer the program, apologized for any confusion and suggested they move on. (Ortegon Aff. ¶

45). She also emailed Coppola later that day, reiterating that she would "wait to do my EMBA

when it works both for Lehman and for me." (Emails at 15).

15. This was insufficient for LBI. Grimeh called Ortegon on January 19, 2007 to

inform her that LBI was rescinding its offer. (Ortegon Aff. ¶ 48). She also received a letter,

dated January 19, 2007, indicating that LBI was rescinding the offer.[6]

16. Ortegon's resume and application to the Encore Program clearly reflect that LBI

was informed that she was enrolled in the EMBA program. Furthermore an email from Mary Pat

Archer ("Archer"), a LBI Managing Director who interviewed Ortegon to Coppola, who also

interviewed Ortegon, confirms that she knew of Ortegon's participation in the EMBA program.

Archer states that she had the information about Ortegon's enrollment in the EMBA program in

her notes, but that she didn't ask about the program specifically. (Emails at 5). Additionally,

Archer stated in a separate email that LBI should pay for Ortegon's tuition (Emails at 6).

Coppola agreed with Archer, stating that LBI was paying "for the others," indicating that LBI

had experience dealing with executives involved in EMBA programs, and was presumably

familiar with the timing and schedule of these types of programs. (Emails at 11).

17. Despite Ortegon's efforts to accommodate LBI's concerns about her availability,

LBI decided to rescind its offer of employment. An email between Deborah Millstein (Head of

Human Resources for Fixed Income, U.S.) and Pamela Tibbets (a LBI in-house attorney) reveals

that LBI was concerned about "the candidates [sic] reliability/responsibility, despite Mary's offer

today to postpone her MBA program participation." (Emails at 26).

---

[6] The January 19, 2007 letter rescinding the job offer is attached as Exhibit E.